UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY JOSEPH HAMMOND, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-cv-482-RWS |
| B.O.P. SPRINGFIELD, MO., et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of a complaint and motion for leave to proceed *in forma pauperis* filed by Bobby Joseph Hammond. For the reasons explained below, plaintiff's motion will be provisionally granted. Additionally, the Court will order this action transferred to the United States District Court for the Western District of Missouri.

Plaintiff resides at the Springfield Medical Center for Federal Prisoners in Springfield, Missouri, pursuant to a 2018 order of commitment entered in the United States District Court for the Western District of Missouri.[1] He filed the complaint on April 26, 2021 pursuant to 42 U.S.C. § 1983 against the "B.O.P. Springfield, MO," Forrest City, Arkansas, two judges, and two doctors. Plaintiff's claims concern the conditions of his confinement. More specifically, plaintiff alleges he was physically abused and not fed for 20 days, and he alleges he spent 30 months in "the hole." He also claims he was subjected to cruel and unusual punishment, and verbally abused by corrections officers. It is apparent the events or omissions giving rise to plaintiff's claims occurred at the Springfield Medical Center for Federal Prisoners in Springfield,

---

[1] *See U.S. v. Hammond,* 760 F. App'x 489 (8th Cir. 2019) (affirming the district court's commitment order).

Missouri, which is located in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(5).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events or omissions giving rise to plaintiff's claims occurred in the Western District, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interests of justice to transfer this case to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **PROVISIONALLY GRANTED**, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this 7th day of May, 2021.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE